# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS FINK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:22-CV-00102 JAR |
| KILOLO KIJAKAZI, | ) ) ) | |
| Commissioner of Social Security, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Commissioner's Motion to Dismiss. (Doc. No. 16). On May 25, 2022, this Court ordered Plaintiff to file a response to Defendant's motion no later than June 6, 2022 and advised him that his failure to do so would result in the Court ruling on Defendant's unopposed motion. (Doc. No. 18). To date no response has been filed.

**Background**[1]

On June 6, 2014, Plaintiff applied for benefits under Titles II and XVI of the Social Security Act, and an administrative law judge (ALJ) issued an unfavorable decision on July 3, 2017. (Cowell Decl. at ¶ 3(a)). Plaintiff requested review of the ALJ's July 3, 2017 unfavorable decision, and on December 4, 2018, the Appeals Council issued a partially favorable decision finding Plaintiff disabled as of June 9, 2017. (Id.). On February 11, 2019, Plaintiff filed a civil action in the Southern District of Illinois challenging the Commissioner's final decision. (Cowell Decl. at ¶

---

[1] The background is taken from the declaration of Lesha Cowell, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations of the Social Security Administration (hereinafter "Cowell Decl.") (Doc. No. 16-1), attached to Defendant's motion, which the Court may consider in light of the Commissioner's factual challenge to the Court's subject matter jurisdiction. See Liberty Mut. Fire Ins. Co. v. Acute Care Chiropractic Clinic P.A., 88 F. Supp. 3d 985, 996 (D. Minn. 2015).

3(b)). The Southern District of Illinois dismissed the complaint without prejudice on April 3, 2019 for improper venue. (Id.). Plaintiff then sought judicial review in this Court.

This Court affirmed the Commissioner's final decision on July 1, 2020 and Plaintiff's appeal of this Court's judgment was dismissed by the Eighth Circuit on December 7, 2020 for failure to prosecute. See Fink v. Saul, No. 4:19-CV-00827-SPM, 2020 WL 3571882 (E.D. Mo. July 1, 2020), appeal dismissed, No. 20-2475, 2020 WL 8184464 (8th Cir. Dec. 7, 2020). On January 26, 2022, Plaintiff filed the Complaint in the instant action, purporting to seek judicial review of an unspecified decision of the Commissioner. (Doc. No. 1). The Commissioner now moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

**Legal standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests for the applicability and presence of subject-matter jurisdiction, which is the Court's "statutory or constitutional power to adjudicate the case." Fuemmeler v. Soc. Sec. Admin., No. 4:20-00718-CV-RK, 2021 WL 5514007, at *1 (W.D. Mo. Mar. 18, 2021) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)). Where a defendant moves to dismiss under Rule 12(b)(1), the plaintiff has the burden of proving subject-matter jurisdiction. Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency, 615 F.3d 985, 988 (8th Cir. 2010). In considering a Rule 12(b)(1) motion, a Court "may consider matters outside the pleadings [and] no presumptive truthfulness attaches to the plaintiff's allegations." Liberty Mut. Fire Ins. Co. v. Acute Care Chiropractic Clinic P.A., 88 F. Supp. 3d 985, 996 (D. Minn. 2015).

**Discussion**

42 U.S.C. § 405(g) sets forth an individual's right to judicial review of decisions made by the Commissioner of Social Security:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(h) further provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

As other courts have found, these provisions establish that Section 405(g) provides the exclusive basis for judicial review of a decision of the Commissioner of Social Security. See Feemster v. Berryhill, No. 4:17-CV-1529-SPM, 2017 WL 4551513, at *2 (E.D. Mo. Oct. 12, 2017) (citations omitted). The Commissioner argues that § 405(g) does not provide a basis for jurisdiction in this case, because that provision authorizes judicial review only of a "final decision" and Plaintiff has not identified any such final decision.

The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766 (1975). The Commissioner's regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. See 20 C.F.R. §§ 404.900(a)(1)-(4) (describing four-step administrative review process to obtain a final decision), (5) (judicial review may be requested if dissatisfied with a final decision); 416.1400(a)(1)-(4), (5) (same); see also Califano v. Sanders, 430 U.S. 99, 102 (1977) ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner].").

3

As the Commissioner notes, Plaintiff has not identified a "final decision" subject to judicial review in the present case. See Pl.'s Complaint (Doc. No. 1) at ¶ 5 (stating "never" in the blank directing Plaintiff to identify the date of ALJ decision for which he is seeking judicial review); ¶ 6 (stating "dismiss" in the section directing Plaintiff to identify the date of the Appeals Council letter which denied review of the ALJ decision referenced in ¶ 5, and "never did" in the blank directing him to specify the date he received the Appeals Council letter); see also Court Orders at Doc. Nos. 6, 8, 13 (discussing Plaintiff's failure to submit Appeals Council's letter denying review of the ALJ decision for which he is allegedly seeking judicial review in this case). Because Plaintiff has not satisfied the statutory requirement of Section 405(g) that he obtain a final agency decision by the Commissioner that is properly subject to judicial review, the Court lacks jurisdiction over his claim. As such, the Court will grant the Commissioner's motion to dismiss this action for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [16] is **GRANTED** and Plaintiff's complaint is **DISMISSED.**

A separate order of dismissal accompanies this Memorandum and Order.

Dated this 13th day of June, 2022.

                                                              _____
                                                              **JOHN A. ROSS**
                                                              **UNITED STATES DISTRICT JUDGE**